UNITED STATES, Appellee

v

JESSIE P. CONNELL, Private E–2,
U. S. Army, Appellant

7 USCMA 228, 22 CMR 18

No. 8261

Decided August 10, 1956

*Major Edwin Doran* argued the cause for Appellant, Accused.

*Captain Thomas J. Nichols* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Thomas J. Newton.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge.

After a board of review affirmed the accused's conviction and sentence for a three-day unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680 (Charge I), and two specifications alleging that he dishonorably failed to deposit funds in the bank to cover payment of two checks drawn by him, in violation of Article 134, Uniform Code of Military Justice, supra, § 728 (specifications 1, 2, Additional Charge), he petitioned this Court for further review. We granted review to determine whether the law officer's instructions in connection with the latter charge were prejudicial to the accused.

At the trial the prosecution showed that on Sunday night, November 6, 1955, the accused drew two checks to the order of cash. One was for $5; the other for $2.65. Both checks were cashed by the bartender at the Caisson Club at Fort Carson, Colorado. On November 8, the checks were dishonored by the bank on which they were drawn. The bank records show that the accused's account was closed on November 7, when the payment of a $2 check exhausted his balance. The records further show that the accused deposited $40 on September 30, 1955, and $60 on October 31, 1955. A monthly statement was mailed to the accused on October 31, which reflected the amount deposited on that day. It was not, however, received until November 7 or 8. Another deposit in the sum of $26 was made on November 30, 1955.

Testifying in his own behalf, the accused said that he did not keep an accurate record of his checks because he had "such a small bank account." He knew "approximately" how much he had. When he drew the checks in issue, he believed that he had sufficient funds to cover them. In his final argument, trial counsel contended that the accused's honest belief that he had funds to cover the checks was inconsequential because his belief must also be reason-able. Elaborating on these comments, he said: "You have got to be resourceful in your bookkeeping and free of negligence." The law officer instructed the court members along the same lines:

"Now, in regard to this mistake which the accused has testified that he made—he stated that he believed that he had money in the bank—in regard to this mistake of fact, . . . you are advised that if the accused was laboring under such a mistake and if his mistake was honest and reasonable under the circumstances, he cannot be found guilty of making and uttering these checks in the instances set out in the three specifications; for the law recognizes this as a defense. However, if an accused's mistake was not reasonable under the circumstances, that is, if it was the result of carelessness or fault on his part, it is not a defense."

In United States v Downard, 6 USCMA 538, 20 CMR 254, we unanimously held that a negligent failure to maintain sufficient funds to cover outstanding checks drawn by the accused does not constitute an offense under the Uniform Code. See also United States v Kirksey, 6 USCMA 556, 20 CMR 272. The instructions here are in conflict with that decision. In effect they advised the court members that the accused could be convicted of an offense which requires "bad faith or gross indifference" (United States v Downard, supra, page 544), on the basis of simple negligence, an act which is not even a violation of the Uniform Code. Manifestly, the instructions completely confused the single contested issue in the case. They permitted the court to predicate a conviction upon acts which in contemplation of law do not establish the offense charged. See United States v Rhoden, 1 USCMA 193, 201, 2 CMR 99, 107. True, the law officer correctly delineated the elements of the offense in another part of his instructions, but from a reading of the instructions as a whole, it is still apparent that the

**229**

court members could reasonably have been misled by the erroneous advice. As we pointed out in United States v Rowan, 4 USCMA 430, 436, 16 CMR 4: "when two instructions are mutually inconsistent we cannot determine which one was accepted by the court-martial."

The findings of guilty as to specifications 1 and 2, Additional Charge, and the sentence are set aside. The record of trial is returned to The Judge Advocate General of the Army for reference to a board of review. In the discretion of the board of review it may order a rehearing on the specifications in issue, if deemed practicable, or determine an appropriate sentence on the basis of the approved findings of guilty on Charge I.

Judges LATIMER and FERGUSON concur.