UNITED STATES, Appellee

v

ROBERT L. BROWN, Private, U. S. Army, Appellant

14 USCMA 633, 34 CMR 413

No. 17,593

June 26, 1964

Colonel Joseph L. Chalk, Captain John R. Nowell, and Captain Charles W. Schiessser were on the brief for Appellant, Accused.

Lieutenant Colonel Francis M. Cooper and Captain Barrie G. Sullivan, II, were on the brief for Appellee, United States.

## Opinion of the Court

FERGUSON, Judge:

Charged, among other things, with three specifications of making and uttering worthless checks, with intent to defraud, in violation of Uniform Code of Military Justice, Article 123a, 10 USC § 923a, the accused was found guilty of dishonorable failure to place or maintain sufficient funds in his account to pay such checks upon presentment, in violation of Code, supra, Article 134, 10 USC § 934. Based upon all the findings of guilty, he was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for four years. Reducing the period of confinement to eighteen months, intermediate appellate authorities otherwise affirmed.

Briefly stated, the evidence indicates accused opened a checking account at the First Citizens Bank and Trust Company, Fort Bragg, North Carolina, on July 26, 1963, with a deposit of $1.00. Earlier, on July 15, 1963, Brown had completed an application for a dependency allowance which, as his wife was allegedly confined in a mental institution, was to be forwarded directly to his bank. The application being accomplished and the necessary entries being made on accused's pay record, the allowance file was forwarded to the Fi-

nance Center, Fort Benjamin Harrison, Indiana, from which allotment checks are mailed to allottees. A finance clerk declared that he "may well have told Private Brown that he would have money from the allotment in his checking account around the middle of August." He further stated that Brown approached him on August 2, and questioned why he had not received any pay for the month of July. The clerk informed accused that "the money was withheld for the Class Q Allotment which would go to his bank," and, further, that "the money should reach his bank by at least the middle of August."

Thereafter, accused when on maneuvers in South Carolina. While there, on August 9, August 12, and August 17, respectively, he cashed the three checks in question. These checks were received by Brown's bank on August 13, August 16, and August 21, and dishonored on the basis of insufficient funds. Two were resubmitted for payment on August 21 and August 29. Accused was mailed notices of the checks' dishonor by his bank on August 14, 17, 22, and 30.

After accused return from maneuvers, he asked a Private Kessler to "take him over to the bank, he had, they notified him that he had a check that was bad, and he went over there, there was something, he said through personnel, his allotment had never got to the bank." Accused appeared surprised at this development.

In fact, accused's allowance application had been delayed at the Finance Center on the basis that it did not show either the relationship of the dependent or the reason for payment directly to accused's account rather than to his dependent. The form, however, establishes the relationship was that of accused's spouse and, on its reverse,

accused had executed a statement establishing her hospitalization for a mental ailment and his entitlement, under Army regulations, to direct receipt of the allotment. Nevertheless, although his portion of the allowance was still being deducted from his pay at the time of trial, the application had not yet been approved by the Finance Center. In addition, because of his "pending court-martial" accused, except for a partial payment of $20.00 in September, was not paid any other monies due him.

In our opinion, the foregoing evidence raises a substantial issue of mistake of fact concerning whether accused made and uttered the checks in question in the honest and not grossly indifferent belief that their payment would be met by automatic deposit of his forthcoming allowance checks. Yet, the law officer failed to deliver any instructions on the doctrine to the court-martial. Such was, on this record, prejudicial error. United States v Bullock, 12 USCMA 142, 30 CMR 142; United States v Remele, 13 USCMA 617, 33 CMR 149; United States v Connell, 7 USCMA 228, 22 CMR 18; United States v Downard, 6 USCMA 538, 20 CMR 254.

The findings of guilty of Charge I and its specifications are set aside. The decision of the board of review is reversed and the record of trial is returned to The Judge Advocate General of the Army. The board of review may reassess the sentence on the basis of the remaining Charge and specification, or order a rehearing on the bad check counts and the penalty.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

I would affirm the decision of the board of review.