UNITED STATES, Appellee

v

GARLAND JEFFERSON, Private E–1, U. S. Army, Appellant

7 USCMA 193, 21 CMR 319

No. 7734

Decided June 29, 1956

*Captain Albert C. Malone, Jr.,* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Stanley F. Flynn.*

*First Lieutenant Peter J. Hughes* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *Captain M. Douglas Hodges.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted of premeditated murder and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for life. The conviction and sentence were approved by the convening authority and affirmed by a unanimous board of review. In its opinion, the board of review said:

"Lastly, counsel urges that the sentence is excessive. We do not think that a sentence to life imprisonment is excessive where one deliberately and with premeditation takes the life of another human being. Further, the sentence is mandatory and we are without power to change it without reducing the findings of the court to a lesser offense which, under the circumstances, is neither warranted by the law or the facts of the case."

We granted review to determine whether the board of review was correct in holding that it had no power to reduce the sentence, without reducing the findings.

Under Article 56, Uniform Code of Military Justice, 50 USC § 637, a court-martial cannot impose a sentence in excess of the limits prescribed by the President. In United States v Brasher, 2 USCMA 50, 6 CMR 50, we held that a board of review was bound by the same general restrictions. Here we are confronted with the problem of a minimum rather than a maximum sentence. A conviction for premeditated murder subjects an accused to a sentence to death or imprisonment for life. Article 118, Uniform Code of Military Justice, 50 USC § 712. As far as the court-martial is concerned, therefore, confinement for life is the minimum sentence it can lawfully impose. See Manual for Courts-Martial, United States, 1951, paragraph 126. The question then is whether the board of review is subject to the same restriction when it reviews the record of trial.

The punishment prescribed by Article 118 for premeditated murder can be construed as an absolute minimum for the reviewing authorities as well as for the court-martial. That is the view apparently taken by the board of review. On the other hand, subject to the possible difference between commutative and mitigative action (see United States v Freeman, 4 USCMA 76, 15 CMR 76), the Article can also be interpreted as applying only to a court-martial; thus, appellate authorities would be free to reappraise the appropriateness of the sentence in the normal exercise of their review powers.

In United States v Lanford, 6 USCMA 371, 378, 20 CMR 87, we pointed out that at the time of the enactment of the Uniform Code, Congress was greatly concerned with "the establishment of a procedure for review of the sentence which would insure a fair and just punishment for every accused." Interpreting the Congressional purpose in regard to the very matter in issue, the Manual for Courts-Martial, United States, 1951, paragraph 88c, notes that "when a court has adjudged a mandatory sentence to imprisonment for life . . . the convening authority may approve any sentence included in that adjudged by the court." We think that this construction of the Uniform Code is a correct one. It follows then that, under like circumstances, a board of review can also treat the accused with less rigor than its authority permits. United States v Lanford, supra. Consequently, the board of review erred in its determination that it lacked the power to ameliorate the sentence without changing the findings of guilty.

Left for consideration is the disposition of the case. The board of review indicated that it did not regard life imprisonment as excessive punishment for premeditated murder. The language used by the board of review in its opinion bespeaks a general belief rather than a specific determination that such a sentence is proper in this particular case. Cf. United States v Best, 6 USCMA 39, 19 CMR 165; United States v Doherty, 5 USCMA 287, 17 CMR 287. Accordingly, we return the record of trial to the board of review for the determination of an appropriate sentence.

Judge FERGUSON concurs.

LATIMER, Judge (concurring):

I concur.

A majority of the Court has consistently held that a board of review may not change the form ▪ of a sentence, but that it may affirm any of its component parts on a reduced scale. United States v Freeman, 4 USCMA 76, 15 CMR 76; United States v Goodwin, 5 USCMA 647, 18 CMR 271. As suggested by the Chief Judge, a sentence to confinement for life is a term sentence, and under the rationale of the above cited cases, a board of review may lessen the length of confinement to a fixed period, provided the Code does not limit its power in those instances where Congress has prescribed mandatory sentences.

At first blush, Article 118 of the Code, 50 USC § 712, creates the impression that the board of review reviewing this record could not reduce the period of confinement, for that Article fixes the punishment which must be imposed following a conviction for premeditated murder. If that Article was the only provision of law with which we had to deal, it could be argued reasonably that Congress intended that the minimum sentence would be binding upon the trial court and all reviewing authorities. However, Article 66 of the Code, 50 USC § 653, cannot be disregarded and it forces a different conclusion. A general rule of statutory construction is that different parts of a law reflect light upon each other, and that when two separate provisions relate to the same subject matter, a court should, if reasonably possible, interpret them so as to give full force and effect to the language of both. Hence, where two constructions of separate provisions are possible, and one will render the law as a whole harmonious, while the other will create inconsistencies and conflicts between the severable parts, the former should be adopted.

Using that canon of construction as my aid, I turn to an analysis of the two relevant Articles of the Code. Article 66 authorizes a board of review to affirm only so much of a sentence as the members find correct in law and fact and determine on the basis of the entire record should be approved. In framing that provision, Congress was considering all divisible sentences which could be reduced in kind and it did not mention any exception for those sentences which it made the mandatory minimum for an offense. Article 118, by its terms, applies only to the imposition of sentences by courts-martial. Therefore, if the Court were to construe the mandatory provisions of Article 118 to be wider in scope and apply to reviewing authorities, and hold that a board of review could not reduce a mandatory life sentence, it would, by that construction, bring the two articles into conflict. In addition, such an interpretation would restrict the application of Article 66 in a very critical area. Rather than defeat what I believe to be the purpose of Congress as expressed in the Code, the Court can give full force and effect to the provisions of both Articles, by construing the limitations imposed by Article 118 as applying only to the court-martial. That penal Article provides that if convicted of premeditated or felony murder, an accused shall suffer death or imprisonment for life as the court-martial may direct. While it requires the imposition of either one of the two enumerated penalties, it does not remotely suggest any impingement on the powers granted to subsequent reviewing authorities to affirm a proper sentence. Thus construed, the two Articles are consistent and harmonious,

and those authorities are left untrammeled in their determination of whether the sentence as imposed, or only a portion thereof, should be affirmed.