UNITED STATES, Appellant

v

WILLIAM R. ATKINS, Storekeeper Seaman,
U. S. Navy, Appellee

8 USCMA 77, 23 CMR 301

No. 9159

Decided June 21, 1957

*Second Lieutenant Daniel P. Reardon, Jr.*, USMCR, argued the cause for Appellant, United States.

*Commander H. H. Brandenburg*, USN, argued the cause for Appellee, Accused. With him on the brief were *Commander Earl C. Collins*, USN, and *Major R. D. Humphreys*, USMC.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

On reviewing the record of trial, the board of review affirmed the court-martial's findings of guilty. However, it disapproved all punishment. Pursuant to the provisions of Article 67(b) (2) of the Uniform Code, 10 USC § 867, The Judge Advocate General of the Navy asked this Court to determine whether the board of review erred in disapproving all punishment, without ordering a rehearing of the sentence.

The present case is a rehearing. The accused was convicted by a special court-martial for failing to obey an order to report to his ship. He was sentenced to a bad-conduct discharge. Both the convening and the supervisory authority affirmed the conviction. The board of review determined that the sentence was "inappropriately severe." In part, its decision was based on the fact that the accused had served forty-four days' confinement of the original three-month sentence. As a result, the board, in effect, affirmed no punishment as the approved "sentence." Similar action has been taken in other cases by a Coast Guard and Air Force board of review. United States v Mitchell [CGCMS 20314], 21 CMR 605; United States v Peck [ACMS–11780], 20 CMR 810.

A board of review can "act only within the direct or reasonably implied scope of the powers given to it by the Uniform Code." United States v Lanford, 6 USCMA 371, 376, 20 CMR 87. The basic grant of power is contained in Article 66 of the Uniform Code, 10 USC § 866. It is there provided that the board of review can "affirm . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."

Manifestly, a board of review can approve only so much of a sentence as is legal. United States v Brasher, 2 USCMA 50, 6 CMR 50. But legality is not the only frame of reference. The board of review must also consider whether the sentence is a "fair and just punishment for every accused." United States v Lanford, supra, page 378. As a matter of fact, the desire of Congress to have the board of review determine the appropriateness of a sentence is so strongly stated we concluded that a board of review can even ameliorate a sentence which the Uniform Code makes mandatory for the court-martial. United States v Jefferson, 7 USCMA 193, 21 CMR 319. In short, the criterion for the exercise of the board of review's power over the sentence is not legality alone, but legality limited by appropriateness. United States v Stene, 7 USCMA 277, 22 CMR 67.

Thus, the maximum limit of the board of review's authority over the sentence is fairly well marked out. What about the lower limit? The operative standard in this area is a simple one. The board of review can treat "an accused with less rigor than their authority permits." United States v Cavallaro, 3 USCMA 653, 655, 14 CMR 71. Although it cannot substitute a punishment different in kind from that adjudged by the court-martial, United States v Goodwin, 5 USCMA 647, 18 CMR 271, the board of review can affirm "such part or amount of the sentence" as it determines should be approved in the light of the "entire record." In short, the board of review has the power to fix the quantum of punishment as it is specially suited to the accused's case.

Once the appropriateness of the sentence has been determined by the board of review, its decision is not subject to review by this Court. United States

v Stene, supra. Although the author of this opinion differs with his brothers on the power of this Court to review the sentence affirmed by the board of review, it logically follows from the Stene case that the Government cannot call into question a decision by the board of review which affirms a too-lenient sentence. Thus, had the sentence imposed at the present hearing been the same as that adjudged at the original trial, namely, a bad-conduct discharge, confinement at hard labor for three months, reduction in grade to seaman recruit, and forfeiture of $71.72 per month for three months, and had the board of review reduced the sentence to the forfeiture of one dollar, or even one cent, the Government would have no standing to complain. See United States v Goodwin, supra. Does it, however, acquire such standing merely because the board of review determines that a dollar or a penny is too insignificant a punishment to merit consideration, and that, therefore, it is inappropriate to affirm any part of the sentence? In our opinion, the two situations are virtually the same, and in both the Government has no ground to complain.

With certain exceptions, the Uniform Code does not prescribe a minimum sentence for any particular offense. Moreover, in determining an appropriate minimum, the board of review has even wider discretion than a court-martial. United States v Jefferson, supra. In exercising a choice between approving a part of the punishment or no punishment, the board of review must be guided by practicalities; and it need not concern itself with triflings. We ourselves have faced, in many forms, the choice of practical alternatives. So, for example, we set aside the findings of guilty and the sentence and ordered a rehearing, although the error we found in the record related only to the post-trial proceedings. United States v Crunk, 4 USCMA 290, 15 CMR 290. In another case, because the surrounding circumstances showed that it was just to do so, we even set aside the findings of guilty of offenses to which the accused pleaded guilty. United States v

McMahan, 6 USCMA 709, 21 CMR 31. Frequently, in returning a case to a board of review for corrective action, we give it the right to choose between two courses of action. It can dismiss findings of guilty which we have set aside and reassess the sentence on the basis of the remaining valid findings, or it can order a rehearing of those findings and the sentence. United States v Johnson, 7 USCMA 488, 22 CMR 278; United States v Connell, 7 USCMA 228, 22 CMR 18; United States v Carver, 6 USCMA 258, 19 CMR 384.

The Government concedes that the board of review could order a rehearing of the sentence. United States v Voorhees, 4 USCMA 509, 16 CMR 83. A decision of that kind necessarily includes consideration of whether the ends of justice would be better served by some other action. Here, the board of review determined that the accused had already suffered substantial punishment because of the confinement he served under the first sentence. This prior confinement was a legitimate circumstance for the board of review's consideration.

In reaching our conclusion we have not overlooked the provision in Article 66(d), 10 USC § 866, that if the board of review sets aside the findings and the sentence and does not order a rehearing, it shall order that the charges be dismissed. By its express terms the provision is applicable only when both the findings and the sentence are disapproved. Since the board of review affirmed the findings, it was not bound to dismiss the charges.

The certified question is answered in the negative. The decision of the board of review is affirmed.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

Although there can be no doubt that a board of review is clothed with the power to affirm such part of a sentence as it deems appropriate, the effect of the decision of the Court is to invest

the board with the right to refuse to affirm any sentence. The theory seems to be that the power to affirm part of a sentence begets a discretion not to permit any punishment. I cannot agree, for I am persuaded that the right of a board to determine the appropriateness of sentence does not embrace the power to forgive the accused from all punishment imposed by the court-martial. To the contrary, it is my understanding that Congress has the power to require punishment for crime and fix its severity; that the court-martial fixes the penalties within limits fixed by Congress and the President; that the authority to reduce has been delegated to boards of review; and that the right to forgive or entirely relieve belongs solely to the Chief Executive or to those officials designated by the Code. However, to reach my result, I need not wage a battle of semantics, for it matters not whether I consider the present refusal to affirm any sentence as being in the nature of a pardon, a total remission, commutation, or a perpetual respite of the sentence imposed by the court-martial. Boards of review are legislative appellate bodies, and the powers they exercise must be conferred on them by Congress either expressly or by fair implication. Unlike my associates, I am unable to find any statutory authority which authorizes those agencies to find that no punishment is appropriate when a court-martial finds otherwise and the conviction is affirmed by them.

Some suggestion is advanced that the act of the board of review in this instance is no different from an order by a Federal civilian judge placing a defendant on probation under the provisions of 18 USC § 3651. To me it is more akin to a suspension of the imposition of sentence, something in the nature of a permanent respite from punishment. If that is an apt analogy, then the proposition that Federal judges do not possess that power may be found in the decision of the Court of Appeals for the Ninth Circuit, in Collins v United States, 148 F 2d 338 (1945). The striking similarity of the circumstances of that case to those presently before this Court is illustrated in the following quotation:

". . . appellants were brought before the court for sentence, whereupon the court said: 'It is the judgment of the court that the imposition of the sentence in this case will be suspended for one year for each of you. I think under all the circumstances of the case that you all have been punished sufficiently in the length of time the case has dragged out in the courts. I think that is punishment enough for anybody.'"

The court held that a judgment suspending the imposition of sentence without placing the defendants upon probation purports to do that which is legally impossible, and is void. The same reasoning applies here, for there were no strings attached to the accused's release—his sentence was unconditionally set aside. Therefore, the action by the board of review exceeded even the scope of authority vested in civilian judges pursuant to the Probation Act, 18 USC § 3651.

But even if the present order could be likened to a suspended sentence, I point out that the power to place a defendant on probation is conferred on Federal civilian courts by statute, and prior to the enactment of the law which specifically authorized that form of proceeding, the authority had been denied them as the usurpation of an Executive function. In Ex parte United States, 242 US 27, 37 S Ct 72, 61 L ed 129, the permanent suspension of sentence by court order was held to be void and a quotation from that case might be illuminating in this instance:

"So far as the courts of the United States are concerned, it suffices to say that we have been referred to no opinion maintaining the asserted power, and, on the contrary, in the opinion in the only case in which the subject was considered, it was expressly decided the power was wanting. United States v. Wilson, 46 Fed. 748 (1891). It is true that in the District of Columbia the existence of the power was maintained. Miller v. United States, 41 App. D. C. 52 (1913). But the unsoundness of the grounds upon which the conclusion was based is demonstrated by

81

what we have previously said; and, aside from this, as the subject was covered by an act of Congress conferring power of parol (Act of June 25, 1910, 36 Stat. at L. 864, chap. 433), the case requires no further consideration."

Prior to the enactment of the Uniform Code of Military Justice, 10 USC §§ 801–940, boards of review had not been given any power to alter a sentence imposed for a valid conviction. United States v Goodwin, 5 USCMA 647, 18 CMR 271. In that case we traced the history of the authority to mitigate, commute, and remit sentences, and noted that the present powers of a board of review in these areas were derived solely from Article 66(c) of the Code, 10 USC § 866. We concluded that boards did not receive therefrom the power to commute, and likewise I am sure that they were not thereby vested with the power of granting what is a release from the legal penalty or consequences of an offense. Reference to previous decisions of this Court bears out my belief. In United States v Freeman, 4 USCMA 76, 15 CMR 76, we outlined the courses available to a board of review in dealing with a "package sentence" after affirming a finding of guilt and we there stated as follows:

"At best the board had three possible alternatives. First, it could affirm the sentence as originally imposed; second, it could affirm the sentence and recommend that clemency action be exercised by those in whom such authority was vested; and third, it could direct a rehearing, if sentence could not be justified reasonably upon the affirmed findings."

Likewise, in my concurring and dissenting opinion in United States v Voorhees, 4 USCMA 509, 16 CMR 83, which has been followed by my associates, my views in this matter are set forth. There, I indicated that where that·tribunal has affirmed findings of guilty against him, "the board of review would not be apt to leave the accused unsentenced nor should it do so," and expressed my belief that, under the circumstances, ordering a rehearing was not only appropriate, but mandatory.

In neither of these cases is there any mention of the possibility that a board might affirm some finding of guilt, yet remit all punishment, for the simple reason that the power to impose sentence has been granted to the court-martial, and the authority to forgive has been delegated to only the President, a Secretary of the Department, or his designated Under Secretary or Assistant Secretary, and the convening authority. Now, however, my associates would allow the board that power, for the assigned reason that: "In exercising a choice between approving a part of the punishment or no punishment, the board of review must be guided by practicalities; and it need not concern itself with triflings." I question that the seizure of power which has not been delegated by Congress can be considered minutia, and of course for us to confer on the boards any authority not within the wording of the Code is not a trifling matter. Particularly is this case important, for under the present holding boards of review are clothed with powers equal to those possessed by the Chief Executive. Here by the simple expedient of saying no sentence is appropriate, the board has commuted a bad-conduct discharge to a restoration to duty without punishment. I suppose from that result it necessarily follows that if an officer is sentenced to dismissal, his conviction may be affirmed as correct in law and fact and yet he can be returned to his position of honor and trust by a board merely saying any punishment is inappropriate. When that happens, an act of grace exempting the officer from all punishment imposed by the court has been performed. In the sentence field, the President could do no more.

For the foregoing reasons, I would answer the certified question in the affirmative and return the cause to a board of review for further action.