# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant JEFFREY W. PERRY
## United States Air Force

## ACM S32286

## 25 May 2016

Sentence adjudged 18 August 2014 by SPCM convened at Joint Base Andrews, Maryland. Military Judge: Christopher A. Santoro (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 6 months, forfeiture of $1,000.00 pay per month for 6 months, a fine of $10,000.00 and confinement for 2 months if the fine is not paid (contingent confinement remitted), and reduction to E-3.

Appellate Counsel for Appellant: Major Jeffrey A. Davis and Major Michael A. Schrama.

Appellate Counsel for the United States: Captain Tyler B. Musselman and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BROWN, Judge:

At a judge alone special court-martial, Appellant was convicted, consistent with his plea and in accordance with a pretrial agreement, of making a false official statement, divers larceny of military property of a value greater than $500, and divers false claims against the United States in an amount greater than $500, in violation of Articles 107, 121,

and 132, UCMJ, 10 U.S.C. §§ 907, 921, 932.[1]  The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, forfeiture of $1,000 pay per month for six months, and reduction to the grade of E-3.  In addition, the military judge sentenced Appellant to a $10,000 fine, with directions that Appellant would be confined for an additional two months if the fine was not paid.  The convening authority approved the sentence as adjudged.

After Appellant failed to pay the fine, the convening authority directed a contingent confinement hearing.  At the hearing, the military judge determined that the failure to pay the fine was the result of Appellant's indigence and recommended that the two months of contingent confinement not be imposed. The convening authority accepted that recommendation and remitted the portion of the punishment that called for an additional two months of confinement if the fine was not paid.

On appeal, Appellant raises two issues:   (1) that Appellant's sentence was inappropriately severe; and (2) that Appellant is entitled to relief due to delays in post-trial processing between action and docketing with this court.[2]   We disagree and affirm the findings and sentence.

*Background*

Appellant was a non-commissioned officer in the Kentucky Air National Guard.  He was deployed three times to Afghanistan and once to Iraq.  Appellant was diagnosed with post-traumatic stress disorder (PTSD) as a result of significant trauma during his service.

During his last deployment in 2011, Appellant injured his leg while running into a bunker during a mortar attack.  Because he was a Kentucky Air National Guard member, the Air Force put Appellant on medical continuation active duty orders so that it could pay for Appellant's medical treatment and rehabilitation.  While the United States was paying for his medical rehabilitation and providing him a salary, Appellant submitted four fraudulent claims to the United States by falsifying hotel receipts and claiming he was residing in another state.  The fraudulent claims that were paid to Appellant exceeded $30,000.  In addition, he also lied to his group commander about where he was living to perpetuate his fraudulent scheme.

---

[1] Appellant also pleaded not guilty to two additional false statements specifications, which were withdrawn after acceptance of his guilty plea to the aforementioned offenses.
[2] The first issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

*Sentence Appropriateness*

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant argues that his sentence was inappropriately severe in light of his otherwise honorable service and his deployment-related medical issues. We disagree.

This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). In determining whether a sentence should be approved, our authority is "not legality alone, but legality limited by appropriateness." *United States v. Nerad*, 69 M.J. 138, 141 (C.A.A.F. 2010) (quoting *United States v. Atkins*, 23 C.M.R. 301, 303 (C.M.A. 1957)). This authority is "a sweeping congressional mandate to ensure 'a fair and just punishment for every accused.'" *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001). This task requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (1959)). In conducting this review, we must also be sensitive to considerations of uniformity and even-handedness. *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citing *United States v. Lacy*, 50 M.J. 286, 287–88 (C.A.A.F. 1999)).

Appellant's deliberate and complex scheme defrauded the United States of more than $30,000. He did this by creating numerous false receipts, virtually indistinguishable from legitimate receipts, to submit with his claims. He submitted these claims on four separate occasions spanning more than a year.

On the other hand, Appellant does have extensive mitigation evidence that he presented in the sentencing portion of the trial. He was diagnosed with PTSD. He deployed three times, repeatedly putting himself in harm's way. On the last occasion, his combat related injuries required extensive and ongoing medical treatments. Appellant also had other ailments that may impact his long term health or require long term care.

The military judge and the convening authority apparently recognized and considered both the aggravating and mitigating evidence in their handling of this case. The convening authority agreed to refer this case to a special court-martial as part of the pretrial agreement. This reduced the maximum punishment in this case, based solely on the offenses where Appellant pleaded guilty, from 20 years confinement to a maximum of one year.[3] The military judge also imposed a sentence well below the maximum available for these offenses in a special court-martial.

---

[3] If the offenses to which Appellant pleaded guilty had been referred to a general court-martial, Appellant would have faced a maximum punishment of a dishonorable discharge, 20 years confinement, total forfeiture of all pay and

We, too, have given individualized consideration to this particular Appellant, the nature and seriousness of the offenses, Appellant's record of service, and all other matters contained in the record of trial. We find that the approved sentence of a bad-conduct discharge, confinement for 6 months, forfeiture of $1,000 pay per month for 6 months, a $10,000 fine (contingent confinement remitted), and reduction to E-3 was within the discretion of the military judge and convening authority, was legally appropriate based on the facts and circumstances of this particular case, and was not inappropriately severe.

*Post-trial Processing Delays*

In *United States v. Moreno*, our superior court established guidelines that trigger a presumption of unreasonable delay. 63 M.J. 129, 142 (C.A.A.F. 2006). This includes cases where action is not accomplished within 120 days of trial, as well as when the record of trial is not docketed with the service court within 30 days of the convening authority's action. *Id*.

Appellant asserts that we should grant him meaningful relief in light of the 88 days that elapsed between the convening authority's initial action and docketing with this court. Although not an identified *Moreno* time standard, the total days between completion of the trial and docketing with this court was 169 days, 19 days longer than the combined guidelines. Appellant requests that we not approve the punitive discharge.

Appellant does not assert any prejudice, and we find none. Although Appellant does not assert any prejudice, we review Appellant's request for relief pursuant to *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). Under Article 66(c), UCMJ, this court is empowered "to grant relief for excessive post-trial delay without a showing of 'actual prejudice' within the meaning of Article 59(a), if it deems relief appropriate under the circumstances." *Tardif*, 57 M.J. at 224 (quoting *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000)). In *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006), our superior court held that a service court may grant relief even when the delay was not "most extraordinary." The court held, "The essential inquiry remains appropriateness in light of all circumstances, and no single predicate criteria of 'most extraordinary' should be erected to foreclose application of Article 66(c), UCMJ, consideration or relief." *Id*.

We do not find relief appropriate in this case. At the time of action on 7 November 2014, 81 days had elapsed since the sentence was adjudged. Appellant, however, had failed to pay any of the adjudged fine. Consequently, in the convening authority's action, he provided Appellant until 15 December 2014 to pay the fine. On 2 December 2014, Appellant notified the convening authority of his inability to pay the fine. The convening authority subsequently directed a contingent confinement hearing, and the hearing was held

---

allowances, and reduction to E-1. At a special court-martial, the maximum punishment was a bad-conduct discharge, 12 months confinement, forfeiture of 2/3 pay per month for 12 months, and reduction to E-1.

within three weeks of Appellant's notification and within a week of the deadline for payment. The record of trial for the contingent confinement hearing was completed and authenticated within 30 days.

Until 4 February 2015, Appellant's sentence included a punishment (additional confinement) that was contingent on an unresolved condition (payment of the fine). The delay in post-trial processing was not the result of Government indifference, negligence, or inattention to detail. Instead, it was Appellant's failure to pay the fine that was the primary reason for the delay—a delay, incidentally, that was to the benefit of Appellant as it resulted in remission of a portion of the previously approved sentence.

Although a delay between action and docketing is "the least defensible of all and worthy of the least patience," there may be valid reasons to explain action-to-docketing delay. *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990); *cf. United States v. Marsh*, ACM 38688, unpub. op. at 13–14 (A.F. Ct. Crim. App. 19 April 2016) (acknowledging that efforts to ensure proper assembly of the record of trial could justify additional post-trial processing beyond the 30-day docketing-to-action guidelines). We find that the delay in this case was adequately explained by the Government. After applying the facts in this case to the established case law, we conclude that sentence relief is not warranted.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court