*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

### UNITED STATES
Appellee

**v.**

### Eric F. KELLY, Sergeant
United States Army, Appellant

### No. 17-0559
Crim. App. No. 20150725

Argued March 22, 2018—Decided May 23, 2018

Military Judge: David H. Robertson

For Appellant: *Zachary Spilman*, Esq. (argued); *Lieutenant Colonel Christopher D. Carrier* (on brief); *Captain Oluwaseye Awoniyi.*

For Appellee: *Captain Joshua B. Banister* (argued); *Lieutenant Colonel Eric K. Stafford* and *Captain Austin L. Fenwick* (on brief); *Major Virginia H. Tinsley.*

Amicus Curiae for the Air Force Appellate Defense Division: *Colonel Jane E. Boomer,* USAF and *Brian L. Mizer*, Esq. (in support of Appellant's petition for grant of review).

Amicus Curiae for the Navy-Marine Corps Appellate Defense Division: *Captain Andrew R. House*, JAGC, USN (in support of Appellant's petition for grant of review).

Chief Judge STUCKY delivered the opinion of the Court, in which Judges RYAN, OHLSON, SPARKS, and MAGGS, joined.

————————

Chief Judge STUCKY delivered the opinion of the Court.

Today, we reconcile two Uniform Code of Military Justice (UCMJ) provisions that, at first blush, are seemingly at odds: Article 56(b), UCMJ, 10 U.S.C. § 856(b) (2012 & Supp. I 2014), which mandates that an accused convicted of certain offenses be punished with a dismissal or dishonorable discharge, and Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012), which vests the Courts of Criminal Appeals (CCAs) with broad discretionary power to review sentence appropriateness.

On appeal below, the United States Army Court of Criminal Appeals (ACCA) held that it lacked the authority to reduce a mandatory minimum sentence. We disagree. Given the unrivaled statutory powers of the CCAs, we hold that Article 56(b), UCMJ, does not restrict a CCA's ability to review a mandatory minimum sentence for sentence appropriateness.[1]

## I. Background and Procedural History

Appellant's convictions stem from a single night in December 2014, when Appellant fondled Sergeant RK's breast while she slept and proceeded to have sex with her despite her resistance.

For this conduct, a panel of members with enlisted representation convicted Appellant, contrary to his pleas, of one specification of abusive sexual contact and one specification of sexual assault in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2012). The panel sentenced Appellant to a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the adjudged sentence but suspended the adjudged forfeitures and waived automatic forfeitures for two months and seven days for the benefit of Appellant's dependents.

On appeal before the ACCA, Appellant argued that the mandatory minimum sentence of a punitive discharge was inappropriately severe. Regarding itself as powerless to provide relief in the face of an applicable mandatory minimum sentence, the en banc ACCA, in a sharply divided 6-4 vote,

---

[1] After we granted review of the assigned issue, this Court further specified the issue of whether the ACCA appropriately applied waiver rather than forfeiture when Appellant failed to object to improper argument. *United States v. Kelly*, 77 M.J. 137 (C.A.A.F. 2017) (order granting review). The issue has recently been decided in our opinion in *United States v. Andrews*, __ M.J. __ (C.A.A.F. 2018), which held that forfeiture applies. The ACCA thus erred in applying waiver in Appellant's case. Appellant was not prejudiced, however, as the ACCA still conducted a plain error review and deemed the error not clear or obvious. *United States v. Kelly*, 76 M.J. 793, 798–800 (A. Ct. Crim. App. 2017) (en banc).

affirmed, and did not reach the question of whether Appellant's sentence " 'should be approved.' " *Kelly*, 76 M.J. at 807.

## II. The Law

### A. The Article 66 Power of the CCAs

The CCAs were established at the behest of Congress by the Judge Advocates General. Article 66(a), UCMJ. As Article I courts, they enjoy limited jurisdiction, and are circumscribed by the Constitution to the powers specifically granted to them by statute. *See United States v. Lopez de Victoria*, 66 M.J. 67, 69 (C.A.A.F. 2008).

The scope of the CCAs' authority as to sentencing is contained in Article 66(c), UCMJ, which provides, in relevant part, that a CCA "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." This Court has recognized that it is a "settled premise" that in exercising this statutory mandate, a CCA has discretion to approve only that part of a sentence that it finds "should be approved," even if the sentence is "correct" as a matter of law. *United States v. Nerad*, 69 M.J. 138, 142 (C.A.A.F. 2010); *see United States v. Atkins*, 8 C.M.A. 77, 79, 23 C.M.R. 301, 303 (1957) ("In short, the criterion for the exercise of the board of review's power over the sentence is not legality alone, but legality limited by appropriateness." (citation omitted)). Given their "awesome, plenary, *de novo* power of review," *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990), it is little wonder that this Court has described the CCAs as having a "*carte blanche* to do justice." *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A. 1991).

### B. Mandatory Minimums Under Article 56

In 2013, Congress amended Article 56, UCMJ, to provide for mandatory minimum punitive discharges in cases involving rape, sexual assault, forcible sodomy, and attempts to commit such offenses. National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1705, 127 Stat. 672, 959 (2013).

Article 56(b), UCMJ, provides:

> (b)(1) While a person subject to this chapter who is found guilty of an offense specified in paragraph (2) shall be punished as a general court-martial may direct, such punishment must include, at a minimum, dismissal or dishonorable discharge, except as provided for in section 860 of this title (article 60).
>
> (2) Paragraph (1) applies to the following offenses:
>
>> (A) An offense in violation of subsection (a) or (b) of section 920 of this title (article 120(a) or (b)).

10 U.S.C. § 856(b) (2012 & Supp. I 2014).

Article 56(b), UCMJ, expressly provides that the convening authority may disapprove or commute such a mandatory minimum sentence in certain limited circumstances. *See id.*; *see also* Article 60(c)(4)(B)–(C), UCMJ, 10 U.S.C. § 860(c)(4)(B)–(C) (Supp. I 2014). Article 56(b) does not, however, call into question the vast powers of the CCAs or indeed reference Article 66(c), UCMJ, at any point.

### III. Discussion

The construction of a statute is a question of law we review de novo. *Lopez de Victoria*, 66 M.J. at 73. "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (internal quotation marks omitted) (citation omitted). As such, "[t]his Court typically seeks to harmonize independent provisions of a statute." *United States v. Christian*, 63 M.J. 205, 208 (C.A.A.F. 2006).

In the instant case, Article 56(b), UCMJ, and Article 66(c), UCMJ, initially appear to be in tension. However, the two provisions may be harmonized by construing Article 56(b) as a limit on the court-martial, not on any of the reviewing authorities. We have previously elected to treat mandatory minimum sentences as such. For example, in *United States v. Jefferson*, this Court declined to construe Article 118's mandatory minimum punishment as an absolute minimum, and instead interpreted it as applying only to

the court-martial, thus leaving appellate authorities "free to reappraise the appropriateness of the sentence in the normal exercise of their review powers." 7 C.M.A. 193, 194, 21 C.M.R. 319, 320 (1956). On that basis, this Court concluded that a board of review could ameliorate a mandatory sentence without first changing the findings of guilty. *Id.*; *see Atkins*, 8 C.M.A. at 79, 23 C.M.R. at 303 ("[T]he desire of Congress to have the board of review determine the appropriateness of a sentence is so strongly stated we concluded that a board of review can even ameliorate a sentence which the Uniform Code makes mandatory for the court-martial.").

Such treatment gives full force and effect to both Article 56(b), UCMJ, and Article 66(c), UCMJ. Moreover, it recognizes that Congress has vested the CCAs with the oft-cited "awesome, plenary, *de novo* power of review," *Cole*, 31 M.J. at 272, that effectively gives them "*carte blanche* to do justice." *Claxton*, 32 M.J. at 162.

The CCAs and their predecessors have enjoyed this discretion over sentence appropriateness since the inception of the UCMJ. *See* Article 66(c), UCMJ, 50 U.S.C. § 653(c) (Supp. IV 1951), *repealed by* Act of Aug. 10, 1956, ch. 1041, § 53, 70A Stat. 1, 641.[2] This power "has no direct parallel in the federal civilian sector," and no other federal appellate court, including ours, in the American criminal justice system possesses the same power. *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *see* Article 67(c), UCMJ, 10 U.S.C. § 867(c) (2012) ("In any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals.... The Court of Appeals for the Armed Forces shall take action only with respect to matters of law.").

It has not escaped our attention that, while Congress has made many changes to the UCMJ over the years, Congress has left Article 66(c) largely intact. Its language remains

---

[2] A similar version of Article 66(c), with language closely tracking that of the version codified in 50 U.S.C. § 653(c), was enacted concurrently with the repeal of 50 U.S.C. § 653(c). Act of Aug. 10, 1956, ch. 1041, § 866(c), 70A Stat. 1, 59.

functionally unchanged since the UCMJ's enactment in 1950. *See* Article 66(c), UCMJ, 50 U.S.C. § 653(c) (Supp. IV 1951) (now at 10 U.S.C. § 866(c) (2012)); *see* National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5330(d)(1), 130 Stat. 2000, 2933 (2016) (leaving the CCAs' power to review sentence appropriateness intact). Although Congress has seen fit to impose several new limits on a convening authority's power, it has not, to date, similarly constrained the CCAs. *See* National Defense Authorization Act for Fiscal Year 2014, § 1702, 127 Stat. at 956 (restricting a convening authority's power to disapprove, commute, or suspend in whole or in part sentences in excess of six months or a sentence of dismissal, dishonorable discharge, or bad-conduct discharge) (codified at 10 U.S.C. § 860(c)(4)(A) (Supp. I 2014)).

For the foregoing reasons, we decline the Government's invitation to read an implied repeal of the CCAs' vast powers into Article 56(b), UCMJ. Congress is presumed to know the law. *See United States v. Kick*, 7 M.J. 82, 85 (C.M.A. 1979) ("It is reasonable to assume that Congress was aware of the existence of such military law when performing its constitutional task to make laws for the armed forces."); *see also Cannon v. University of Chicago*, 441 U.S. 677, 696–97 (1979) ("It is always appropriate to assume that our elected representatives, like other citizens, know the law…."). As such, we presume Congress was aware of Article 66(c)'s broad scope when it enacted Article 56 and thus would have explicitly limited Article 66(c) review if it so desired. We trust that Congress knows how to limit the broad powers of the CCAs and note that Congress remains free to do so if it so chooses. To date, Congress has not so chosen. Until (and unless) it does, we hold that a CCA has the power to disapprove a mandatory minimum sentence set forth in Article 56, UCMJ.

## IV. Judgment

The judgment of the United States Army Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to the United States Army Court of Criminal Appeals for an assessment of sentence appropriateness pursuant to Article

66(c), UCMJ, 10 U.S.C. § 866(c) (2012), consistent with this decision.