# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40324 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Dekota M. DOUGLAS**
Cadet, U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 27 June 2024

————————————

*Military Judge*: Shad R. Kidd; Joshua D. Rosen (remand).

*Sentence*: Sentence adjudged 29 April 2022 by GCM convened at the United States Air Force Academy, Colorado. Sentence entered by military judge on 18 May 2022, and reentered on 14 January 2024: Dismissal, confinement for 31 days, forfeiture of $1,185.00 pay per month for one month, and a reprimand.

*For Appellant*: Major Heather M. Bruha, USAF.[1]

*For Appellee*: Major Olivia B. Hoff, USAF; Major Brittany Speirs, USAF; Captain Tyler L. Washburn, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, RICHARDSON, and MASON, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge RICHARDSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

---

[1] Major Bruha filed under the surname Caine prior to this court's remand.

_____

MASON, Judge:

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of two specifications of negligent dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892.[2] Consistent with his pleas, Appellant was found not guilty of two specifications of sexual assault, in violation of Article 120, UCMJ, 10 U.S.C. § 920. The members sentenced Appellant to a dismissal, confinement for 31 days, forfeiture of $1,185.00 pay per month for one month, and a reprimand. The convening authority took no action on the findings or sentence.

Appellant originally raised three issues on appeal, which we reworded: (1) whether the sentence is inappropriately severe; (2) whether Appellant is entitled to relief because he was not provided an opportunity to rebut victim matters prior to the convening authority's decision on action; and (3) whether Appellant was entitled to a unanimous verdict. Additionally, the court's review of the record of trial revealed an error with one of the exhibits. The record was remanded to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the post-trial processing, to modify or correct the entry of judgment as appropriate, and to ensure the referenced exhibit was corrected. *See United States v. Douglas*, No. ACM 40324, 2023 CCA LEXIS 502, at *8–9 (A.F. Ct. Crim. App. 5 Dec. 2023) (unpub. op.). We deferred addressing Appellant's other assignments of error until the record was returned to this court for completion of our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review. *Id.* at *2.

During remand, and in response to Appellant's claim regarding issue (2), Appellant was provided with an opportunity to rebut matters provided by RH. The record of trial was corrected, and the convening authority again took no action on the findings or sentence. A new military judge signed a new entry of judgment on 14 January 2024. In addition to maintaining issues (1) and (3) referenced above for our consideration, Appellant alleges two additional assignments of error: (4) that the convening authority's consideration of RH's matters was error because RH was not a victim under Rule for Courts-Martial (R.C.M.) 1106A; and (5) that the Government erred in post-trial processing by noting the firearm prohibition was triggered under 18 U.S.C. § 922 when Appellant was not discharged from the armed forces under dishonorable conditions.

_____

[2] All references in this opinion to the Uniform Code of Military Justice (UCMJ) and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

We have carefully considered Appellant's allegation in issue (3) that he was entitled to a unanimous verdict and find it does not require discussion or relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987) (holding that written opinions are not required on every assignment of error); *see also United States v. Anderson*, 83 M.J. 291, 302 (C.A.A.F. 2023) (upholding the constitutionality of non-unanimous court-martial verdicts pursuant to Article 52, UCMJ, 10 U.S.C. § 852), *cert denied*, 144 S. Ct. 1003 (2024).

We do not address issue (4) relating to whether RH was a victim under R.C.M. 1106A; any relief granted would be concurrent with the relief we provide as a result of our resolution of issue (1).[3]

We have carefully considered Appellant's claim in issue (5), wherein he requested we order correction of the Statement of Trial Results and the entry of judgment "to indicate that no firearm prohibition applies in his case." As we recognized in *United States v. Vanzant*, __ M.J. __, No. ACM 22004, 2024 CCA LEXIS 215, at *22–25 (A.F. Ct. Crim. App. 28 May 2024), and *United States v. Lepore*, 81 M.J. 759 (A.F. Ct. Crim. App. 2021) (en banc), this court lacks authority to directly modify the 18 U.S.C. § 922 prohibition notation on the staff judge advocate's indorsement to the entry of judgment and Statement of Trial Results.

Therefore, the only remaining issue is issue (1), whether Appellant's sentence is inappropriately severe. For the following reasons, we find that it was and provide appropriate relief in our decretal paragraph.

## I. BACKGROUND

In the fall of 2020, Appellant was a 21-year-old upperclassman/third class cadet[4] at the United States Air Force Academy. At some point prior to 17 September 2020, he went around the squadron to introduce himself to the underclassmen and initially met RH, a fourth class cadet.[5] RH began having problems with her roommates, and as a result, RH and Appellant began to develop a friendship. They would spend time talking together about two times per

---

[3] Regarding issue (4), Appellant states in his second brief to the court, "Rather than remanding this case yet again, [Appellant] asks this [c]ourt to exercise its Article 66(d), UCMJ, authority and grant the relief requested under [issue (1)]—set aside the sentence to a dismissal."

[4] Third class cadets are equivalent to sophomores.

[5] Underclassman or fourth class cadets are equivalent to freshmen.

week. In addition to talking in person, they talked on Teams and Snapchat messaging applications.

In early October 2020, Appellant invited RH out to a hotel off-base to drink with him. RH declined going to the hotel but accepted the offer to go somewhere and drink. RH wanted to drink because she thought that she needed to forget her problems and worries. They eventually agreed to meet up on the weekend of 16 and 17 October 2020. They proceeded to go to an area in the woods to drink. Appellant provided the alcohol and the two of them talked and drank. RH testified at trial that a nonconsensual sexual encounter ensued in the woods.

RH testified that shortly after this incident, word "spread around like wildfire" in the squadron regarding her relationship with Appellant. RH was brought before her squadron leadership to discuss the rumors. RH initially told her leadership that Appellant provided her alcohol and that the two of them had sexual relations. When called in by her leadership at a later time, RH alluded to a sexual assault, but did not specifically tell them that she had been sexually assaulted.

The above facts formed the basis for the charged offenses against Appellant for negligent dereliction of duty and sexual assault on RH. Appellant was convicted of the two negligent dereliction of duty specifications for having an unprofessional relationship with RH and for providing her alcohol on 16 October 2020. He was acquitted of the two sexual assault specifications.

In the presentencing proceedings, without objection, trial counsel presented a personal data sheet of Appellant, and personnel records addressing two incidents where Appellant consumed alcohol in an establishment he was not permitted to enter due to his class status. Trial counsel did not present witness testimony. Trial defense counsel presented multiple character letters and written and oral unsworn statements from Appellant. The Defense did not present witness testimony.

Trial counsel argued to the members that Appellant should be punished by confining him for 30 days and adjudging total forfeitures of pay and allowances for those 30 days. The members sentenced Appellant to a dismissal, confinement for 31 days, forfeiture of $1,185.00 pay per month for one month, and a reprimand.

**II. DISCUSSION**

**A. Law**

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved based on the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). In determining whether a sentence should be approved, our authority is "not legality alone, but legality limited by appropriateness." *United States v. Atkins*, 23 C.M.R. 301, 303 (C.M.A. 1957). We assess sentence appropriateness "by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record." *United States v. Fields*, 74 M.J. 619, 625 (A.F. Ct. Crim. App. 2015) (quoting *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006)).

In conducting our review, we must also be sensitive to considerations of uniformity and even-handedness. *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001).

While we have significant discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

When conducting our review, we not only consider the appropriateness of the entire sentence, *United States v. Sessions*, 45 C.M.R. 931, 931 (C.M.A. 1972), but also "must consider the appropriateness of each segment of a segmented sentence." *United States v. Flores*, __ M.J. __, No. 23-0198, 2024 CAAF LEXIS 162, at *1 (C.A.A.F. 14 Mar. 2024).

**B. Analysis**

The charges and specifications originally preferred and referred to a general court-martial against Appellant included serious offenses. However, the charge and specifications of which Appellant was convicted—two instances of negligent dereliction of duty—under these circumstances, were not serious offenses. Appellant, a cadet, was convicted of having consensual sexual relations with a cadet one year level lower than he was at the time. Appellant was also convicted of giving RH, then under the age of 21 years, alcohol so that she could voluntarily drink it.

Before deliberating on a sentence, the military judge instructed the court members, "[Y]ou must bear in mind that the accused is to be sentenced only for those offenses of which he has been found guilty." *See* R.C.M. 1001(b)(4)

("Trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty."). "Absent evidence to the contrary," the court "may presume that members follow a military judge's instructions." *United States v. Taylor*, 53 M.J. 195, 198 (C.A.A.F. 2000) (citations omitted).

After acquitting Appellant of the sexual assault allegations, the court members received only documentary evidence. They heard no more testimony. The derogatory matters from the personnel records of Appellant indicated two other infractions which were not severe. In his sentencing argument, trial counsel recommended that Appellant be sentenced to confinement for 30 days and total forfeitures of pay and allowances for those 30 days. Trial counsel did not ask the members to adjudge a dismissal. Contrary to this recommendation, the court members sentenced Appellant to a dismissal, confinement for 31 days, forfeiture of $1,185.00 pay per month for one month, and a reprimand.

Considering this particular appellant, the nature and seriousness of the offenses, Appellant's record of service, and all matters contained in the record, we find punitively discharging Appellant from the Air Force is inappropriately severe.

In making this determination, the court does not intend to minimize the importance of deterring unprofessional relationships in the military and, in particular, at military academies. As the military judge instructed the members at trial, applicable guidance makes clear that such relationships "detract from authority of superiors" and can result in or "create the appearance of favoritism, misuse of office or position, or abandonment of organization goals for personal interests." These are all unacceptable consequences. Moreover, provision of alcohol to Airmen under the legal age of consumption for such beverages is not only illegal, but oftentimes creates collateral problems also unacceptable in a military environment.

Yet, while there is importance in preventing the commission of these types of offenses, affirming the most severe punishment available is not appropriate in this case as the Government's case was not particularly aggravating. Regarding the unprofessional relationship, while Appellant was in the same squadron as RH, he did not abuse any formal position of trust or authority in his interactions with her. Specifically, he was not designated as her cadet "mentor." He was not in her chain of command or in a supervisory position over her. Regarding the provision of alcohol, prior to Appellant meeting up with RH to drink, he asked her what she wanted. RH told him that she wanted "Mike's

Hard or something like that," demonstrating some level of previous alcohol consumption experience.[6]

Viewing the evidence pertaining to this particular appellant, the nature and seriousness of the offenses, his record of service, and all matters contained in the record, and being sensitive to considerations of uniformity and even-handedness, we are convinced that inclusion of a dismissal in Appellant's sentence is inappropriately severe. The remaining elements of the sentence coupled with the criminal conviction are adequate to deter this type of misconduct and are otherwise appropriate in this case.

### III. CONCLUSION

The findings as entered are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. We affirm only so much of the sentence that includes confinement for 31 days, forfeiture of $1,185.00 pay per month for one month, and a reprimand. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence, as modified, are **AFFIRMED**.



FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[6] This evidence was not lost on the court member who asked RH, "[S]o you say that you asked for Mike's Hard, and in the past only drank your—from your mother's pina colada, how did you know to ask for Mike's Hard?"