# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

―――――――――――

**No. ACM 40508**

―――――――――――

**UNITED STATES**
*Appellee*

**v.**

**Jacques D. BENOIT, Jr.**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

―――――――――――

Appeal from the United States Air Force Trial Judiciary[1]

Decided 3 January 2025

―――――――――――

*Military Judge*: Michael A. Schrama.

*Sentence*: Sentence adjudged 13 January 2023 by GCM convened at Joint Base Charleston, South Carolina. Sentence entered by military judge on 13 April 2023: confinement for 8 months, reduction to E-1, and a reprimand.

*For Appellant*: Major Samantha P. Golseth, USAF.

*For Appellee*: Lieutenant Colonel J. Pete Ferrell, USAF; Lieutenant Colonel Jenny A. Liabenow, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major Brittany M. Speirs, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, MASON, and KEARLEY, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge KEARLEY joined.

―――――――――――

[1] Appellant appeals his conviction under Article 66(b)(1)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(b)(1)(A), *Manual for Courts-Martial, United States* (2024 ed.).

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

MASON, Judge:

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of one specification of reckless operation of a vehicle causing injury, in violation of Article 113, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 913.[2,3] The military judge sentenced Appellant to confinement for eight months, reduction to the grade of E-1, and a reprimand. Appellant requested that the convening authority defer the adjudged reduction in grade until the entry of judgment and waive the automatic forfeitures for six months. The convening authority denied Appellant's requests, took no action on the findings or sentence, and provided the language of the reprimand.

Appellant raises four issues on appeal, which we have reworded: (1) whether Appellant's conviction is factually sufficient; (2) whether the sentence is inappropriately severe; (3) whether the Government can prove 18 U.S.C. § 922 is constitutional because its application is not consistent with the nation's historical tradition of firearm regulation, and whether the court can decide that question; and (4) whether the convening authority abused her discretion in denying Appellant's requests for deferment and waiver.[4]

We have carefully considered issues (3) and (4) and find they do not require discussion or relief. *See United States v. Matias,* 25 M.J. 356, 361 (C.M.A. 1987). As to the remaining issues, we find no error that materially prejudiced Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

In July 2020, Appellant deployed from Joint Base Charleston to Ali Al Salem Air Base, Kuwait. He was assigned to the special handling section for the expeditionary logistics readiness squadron (ELRS). His job in that section was

_____

[2] Unless otherwise noted, all other references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Appellant was found not guilty of one specification of dereliction of duty, in violation of Article 92, UCMJ, 10 U.S.C. § 892.

[4] Appellant raises issue (4) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

to provide handling of anything that was not general cargo, including explosives, hazardous materials, registered mail, and vehicles.

Around 14 September 2020, a Polaris Ranger vehicle was delivered for handling to the ELRS. On that day, Appellant drove the Polaris in an unpaved, sandy, handling area for the unit. He did so with another member of the unit, RO, in the passenger seat. At some point during the drive, while making a sharp turn, the Polaris tipped over onto the passenger side. As a result, RO was trapped under the vehicle with part of the roll cage compressing his head into the ground.

Security Forces members responded to the scene and immediately saw that RO was deceased. Medical responders confirmed RO's death. Security Forces asked Appellant what had happened. Appellant said, "I'm not going to lie, we were out here joyriding and it just flipped."

At trial, an expert in accident reconstruction testified. He conservatively estimated that the Polaris would need to be driving at a minimum speed of 15.38 miles per hour to tip over. He further estimated that the Polaris was traveling 18.68 miles per hour at the time it tipped over. The military judge took judicial notice of the wing instruction that set a speed limit for the applicable area at six miles per hour.

## II. DISCUSSION

### A. Factual Sufficiency

#### 1. Law

We review issues of factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

"The test for factual sufficiency 'is whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses,' [this] court is 'convinced of the [appellant]'s guilt beyond a reasonable doubt.'" *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000) (quoting *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987)). "In conducting this unique appellate role, we take 'a fresh, impartial look at the evidence,' applying 'neither a presumption of innocence nor a presumption of guilt' to 'make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt.'" *United States v. Wheeler*, 76 M.J. 564, 568 (A.F. Ct. Crim. App. 2017) (alteration in original) (quoting *Washington*, 57 M.J. at 399). This court's review of the factual sufficiency of evidence for findings is limited to the evidence admitted at trial. *United States v. Beatty*, 64 M.J. 456, 458 (C.A.A.F. 2007) (citations omitted); *United States v. Rodela*, 82 M.J. 521, 525 (A.F. Ct. Crim. App. 2021) (citation omitted).

Appellant was convicted of reckless operation of a vehicle causing injury, in violation of Article 113, UCMJ, which required the Government to prove the following three elements beyond a reasonable doubt: (1) that at or near Ali Al Salem Air Base, Kuwait, in the location in which terminal parked cargo is located, Appellant was in physical control of a vehicle; (2) that Appellant physically controlled the vehicle in a reckless manner by attempting a sharp turn at an excessive speed in sandy terrain and did thereby cause said vehicle to roll; and (3) that Appellant thereby caused the vehicle to injure RO. *See Manual for Courts-Martial, United States* (2019 ed.) (*MCM*), pt. IV, ¶ 51.b.

"The operation or physical control of a vehicle, vessel, or aircraft is reckless when it exhibits a culpable disregard of foreseeable consequences to others from the act or omission involved." *MCM*, pt. IV, ¶ 51.c.(7).

Recklessness is determined by evaluating whether, "under all the circumstances, the accused's manner of operation or physical control of the vehicle, vessel, or aircraft was of that heedless nature which made it actually or imminently dangerous to the occupants . . . ." *Id.*

### 2. Analysis

Appellant challenges the factual sufficiency of his conviction for reckless operation of a vehicle causing injury to RO. He argues that his conduct did not amount to culpable negligence.

The evidence proved Appellant's conduct amounted to more than simple negligence. Rather, his conduct demonstrated the requisite recklessness characterized by a negligent act combined with "a culpable disregard for the foreseeable consequences to others." *MCM*, pt. IV, ¶ 51.c.(7). Appellant was driving at least three times the speed limit for the area and attempted to execute a sharp turn at that speed. Considering the sandy terrain, the attempted maneuver, and the speed, recklessness is a generous characterization of Appellant's conduct. Further, Appellant's own admission to Security Forces personnel that they were "joyriding" demonstrates his knowledge of his culpability. The death of RO was entirely foreseeable under these circumstances.

After weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are convinced of the Appellant's guilt beyond a reasonable doubt. Thus, the conviction is factually sufficient.

## B. Sentence Appropriateness

### 1. Law

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved based on the

entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). In determining whether a sentence should be approved, our authority is "not legality alone, but legality limited by appropriateness." *United States v. Atkins*, 23 C.M.R. 301, 303 (C.M.A. 1957). We assess sentence appropriateness "by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record." *United States v. Fields*, 74 M.J. 619, 625 (A.F. Ct. Crim. App. 2015) (quoting *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006)).

In conducting our review, we must also be sensitive to considerations of uniformity and even-handedness. *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001).

While we have significant discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

When conducting our review, we not only consider the appropriateness of the entire sentence, *United States v. Sessions*, 45 C.M.R. 931, 931 (C.M.A. 1972), but also "must consider the appropriateness of each segment of a segmented sentence." *United States v. Flores*, 84 M.J 277, 281 (C.A.A.F. 2024).

### 2. Analysis

Appellant challenges the appropriateness of his sentence. He argues that he "did not need a sentence to rehabilitate him." He also asserts that "[this] sentence was not needed to promote respect for the law, the seriousness of the offense, or deterrence . . . ."

For his crime, Appellant could have been sentenced up to a dishonorable discharge, forfeiture of all pay and allowances, reduction to the grade of E-1, and confinement for 18 months. He was sentenced by the military judge to confinement for eight months, reduction to the grade of E-1, and a reprimand. Despite engaging in conduct that killed a fellow Airman in a deployed location, he was not sentenced to a punitive discharge. Moreover, his confinement term was less than half the maximum permitted. Yet, he argues that his sentence was inappropriately severe. We disagree.

Vehicular collisions and accidents resulting in death can be some of the most tragic cases. Oftentimes, the offender causing the collision or accident does not specifically intend to harm the victim. In many cases, the deceased victim may even be the friend or family of the offender. This frequently emphasizes the tragic nature of the death to the offender as they feel the sting their actions caused. The fact that they feel the sting in addition to the friends or family of the victim does not *per se* render an adjudged sentence inappropriately severe.

During his unsworn statement, Appellant recognized "that this accident will always follow [him] and will forever haunt [him]." Undoubtedly, he will remember for the rest of his life how his friend died due to his "joyriding." We have considered this fact, as well as all the evidence introduced, including the evidence of mitigation and extenuation. Appellant's sentence is not inappropriately severe.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of the Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court